2002 OK CIV APP 124

**THE CITY OF WARR ACRES,**
Plaintiff/Appellant,

v.

**THE INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL NO. 2374 and Ronald McCune, Defendants/Appellees.**

**No. 97,174.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

Sept. 20, 2002.

Certiorari Denied Dec. 9, 2002.

Margaret McMorrow–Love, Oklahoma City, OK, for Plaintiff/Appellant.

James R. Moore, Douglas D. Vernier, Oklahoma City, OK, for Defendants/Appellees.

## OPINION

CARL B. JONES, Judge.

¶1 This case arises from the termination of Defendant Ronald McCune (McCune) as a captain with the Warr Acres Fire Department. Plaintiff, The City of Warr Acres (City), fired McCune after receiving evidence that he was not medically fit for duty. When McCune and Defendant International Association of Firefighters, Local Case No. 97,174 No. 2374 (Union), sought arbitration under their collective bargaining agreement (CBA), City filed a petition for declaratory relief and an injunction request in district court. City contended that the medical termination was

specifically exempted from arbitration under the CBA. The court denied injunctive relief and arbitration proceeded.[1] The arbitrator ruled that McCune was wrongfully terminated and directed City to reinstate McCune with back pay. City then sought to vacate the arbitration award in district court. Both sides moved for summary judgment. After consolidating the declaratory relief action and vacation request, the court entered summary judgment in favor of Defendants in all respects. City appeals. The matter stands submitted without appellate briefs on the trial court record. See Rule 13(h), Rules for District Courts, 12 O.S. Supp.1993, Ch. 2, App. 1, and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App.

██ ¶ 2 Initially, we note that Mr. McCune died of heart failure after the arbitrator's ruling but before the trial court pronounced its judgment. The record contains a "Suggestion of Death," *see* 12 O.S.1991 § 2025(A), but Defendants did not move to substitute a party for McCune. As Union correctly urges, however, McCune was not a party to the CBA but was merely a beneficiary of its terms. The right to arbitrate the CBA and to enforce its terms lies exclusively with the bargaining agent and management representative. *Wilcoxson v. Tackett*, 2002 OK CIV APP 24, ¶ 12, 41 P.3d 1024, 1027–28. Thus, McCune was not a necessary party to this proceeding.

¶ 3 The threshold issue in this appeal is whether McCune's termination was subject to arbitration. As stated above, City and Union are parties to the CBA and McCune was a beneficiary. Article 8.8 of the CBA permits City to require its employees to submit to periodic "fitness for duty" medical examinations. If the physician of City's choosing deems an employee unfit for duty, the employee may select his/her own physician to conduct another examination. If both doctors agree that the employee is unfit for duty, no further medical review is afforded. However, if the two doctors disagree, both sides select a third independent physician to conduct another examination. The CBA then provides, "The majority decision of the three physicians shall be controlling and the majority decision shall not be appealable." Article 8.6 of the CBA, which addresses physical examinations of employees returning to work after an illness or injury, contains substantially similar provisions.

¶ 4 Here, City's doctor concluded McCune met the criteria for medical retirement because of his left ventricular dysfunction and history of diabetes. The doctor recommended that McCune not return to active duty. McCune was thereafter examined by Dr. Brook Scott, who similarly opined that McCune's heart condition prevented him from carrying out his duties as an active firefighter. Based upon the opinions of City's physician and Dr. Scott, City terminated McCune's employment under Article 8.8 of the CBA. McCune later asserted that he never elected to use Dr. Scott as his examining physician, and that Dr. Paul Patzkowsky had examined him and found him fit for duty. The instant proceedings began when Union filed a grievance.

██ ¶ 5 City contends that a medical termination is non-appealable and hence not subject to arbitration under Articles 8.6 and 8.8 of the CBA. Union argues that under Article 1.5 of the CBA *all* disputes are to be resolved by final and binding arbitration. Article 1.5 states that one of the purposes of the CBA is to "provide a procedure for the prompt and equitable adjustment of complaints/grievances which may arise concerning the interpretation or application of any provision or provisions specifically expressed in this Agreement." Because there exists a dispute regarding McCune's termination (McCune contended that he did not elect to use Dr. Scott as his own examining physician), Union asserts the trial court properly allowed this matter to proceed to arbitration.

██ ¶ 6 We begin by reiterating that the appellate standard of review concerning a trial court's grant of summary judgment is *de novo. Hoyt v. Paul R. Miller, M.D., Inc.,*

---

1. City's interlocutory appeal of the trial court's denial of its motion for temporary injunction was dismissed as moot by this court because the arbitration process was completed shortly after City's motion was denied. *City of Warr Acres v. Int'l Ass'n of Firefighters, Local 2374,* Case No. 94,963 (Okla.Civ.App. May 15, 2001) (unpublished opinion).

1996 OK 80, ¶ 2, 921 P.2d 350, 351–52. The CBA at issue here is a contract and when terms of a contract are susceptible of two constructions, "the contract will be interpreted in a manner which is fair and rational." *McMinn v. City of Okla. City,* 1997 OK 154, ¶ 14, 952 P.2d 517, 522.

A contract must be considered as a whole so as to give effect to all its provisions without narrowly concentrating upon some clause or language taken out of context. The language in a contract is given its plain and ordinary meaning unless some technical term is used in a manner meant to convey a specific technical concept. The court must interpret a contract so as to give effect to the intent of the parties at the time the contract was formed.

*Mercury Inv. Co. v. F.W. Woolworth Co.,* 1985 OK 38, ¶ 9, 706 P.2d 523, 529 (footnotes omitted).

 Furthermore, "[t]he Fire and Police Arbitration Act, 11 O.S.1991 § 51–101 *et seq.* provides the statutory authority for collective bargaining agreements between firefighters, police officers and municipalities." *City of Muskogee v. Martin,* 1990 OK 70, ¶ 2, 796 P.2d 337, 339 n. 1. Under the Act, "[a]rbitration is the prime vehicle for resolving a dispute concerning the interpretation of a collective bargaining agreement." *Id.* at ¶ 5, 796 P.2d at 339.

The main purpose of arbitration is to prevent court intrusion "into the merits of disputes" when there is an agreement to arbitrate disputes concerning contract interpretation. For quick resolution of these disputes, the role of the district court is limited to determining whether the dispute is one that is covered by the contract. In the presence of any dispute regarding the interpretation of a collective bargaining agreement, the first remedy lies with the contractually-agreed-upon arbitration, and the district court has no authority to disturb the function of arbitration.

\* \* \*

 Arbitration should be allowed unless the court can say with "positive assurance" the dispute is not covered by the arbitration clause. "Doubts should be resolved in favor of coverage."

*Id.* at ¶¶ 6 & 8, 796 P.2d at 340 (footnotes omitted).

¶ 7 With these directives in mind, we hold the trial court properly sent this case to arbitration. Considering the CBA as a whole, we conclude that all grievances concerning the interpretation or application of any provision of the agreement are subject to arbitration *except for those disputes specifically exempted from such procedure* under the CBA. One of those disputes specifically exempted from arbitration is the majority decision of the three-physician board *regarding an employee's "fitness for duty"* under Articles 8.6 and 8.8. The board's decision in that respect is final and non-appealable. However, disputes regarding the manner in which a party selects a doctor constitute grievances "concerning the interpretation or application of any provision or provisions" of the CBA.

¶ 8 We believe that the above interpretation of the CBA is "fair and rational" and in accord with the intent of the Act and the parties to the agreement. As Article 8.6 provides, "The City and the Union mutually recognize that the physical and mental health and the physical fitness of each employee are of paramount importance." Further, the examination procedures of the CBA were formulated "[t]o insure the ongoing health and safety of all employees and in the interest of the citizens of the community." Physicians are uniquely qualified to render decisions regarding physical and mental fitness. On the other hand, resolution of disputes regarding how doctors are selected under the CBA does not require the special skill, training and experience possessed by physicians. Whether McCune intended to select Dr. Scott as his physician involved a matter of simple contract interpretation. Accordingly, this case was correctly referred to an arbitrator.

¶ 9 The remainder of City's assignments of error may fairly be characterized as attacks on the arbitrator's rulings and on the trial court's refusal to overturn those rulings. The scope of judicial review of an arbitrator's

decision was reiterated in *City of Yukon v. Int'l Ass'n of Firefighters, Local 2055,* 1990 OK 48, 792 P.2d 1176:

> Once it is established that there is a collective bargaining agreement with an arbitration clause broad enough to include the dispute the role of this Court is strictly limited to determining whether the arbitrator exceeded his authority under the collective bargaining agreement. Affording great deference to the decision of the arbitrator, we will not review the factual or legal findings of the arbitrator nor consider the merits of the award.... Hence, this Court may only consider whether the arbitrator's decision "draws its essence from the collective bargaining agreement."

*Id.* at ¶ 8, 792 P.2d at 1179 (citations omitted).

¶ 10 Given these limitations and "[a]ffording great deference to the decision of the arbitrator," we must affirm the arbitration ruling at issue here. We specifically deem the arbitrator's conclusion regarding McCune's selection of a physician "draws its essence from" the CBA. The arbitrator applied the facts of this case as she considered them in relation to the language of the CBA as she interpreted same. Her decision is not without support such that we may interfere with her decision. " '[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of h[er] authority,' this Court has no power to reverse h[er] decision, even if we were convinced the decision was error." *Id.* at ¶ 17, 792 P.2d at 1181, *quoting United Paperworkers Int'l v. Misco,* 484 U.S. 29, 37, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987).

¶ 11 City also asserts that the arbitrator exceeded her authority by ruling on an issue not raised by either party. The arbitrator held that the medical report signed and submitted by City's doctor was insufficient under the CBA because a physician's assistant, rather than the doctor, conducted the physical examination of McCune. Neither side raised this issue at arbitration. City maintains the physician's assistant has always conducted such examinations without any previous complaints from employees and that the arbitrator erred in disregarding the doctor's report. However, resolution of this issue is unnecessary, because we have already determined that the arbitrator's ruling regarding McCune's doctor selection is not reversible. We are constrained to uphold the arbitrator's decision that McCune was wrongfully terminated.

¶ 12 On the basis of the foregoing, we hold the trial court correctly entered summary judgment in favor of Union. *See Shelley v. Kiwash Elec. Co-op., Inc.,* 1996 OK 44, ¶ 15, 914 P.2d 669, 674 (summary judgment proper where there is no genuine issue as to any material fact and moving party is entitled to judgment as a matter of law).

¶ 13 AFFIRMED.

JOPLIN, V.C.J., and BUETTNER, J., concur.